ERVIN v. NEW YORK CENTRAL INSURANCE COMPANY, appellant.

*Insurance — fire policy — conditions in — what covered by.*

A fire insurance policy contained this provision: "This company will not be liable for more than two-thirds the cash value of any building hereby insured." *Held*, that the fact that the provision was in fine print, and was not discovered by the holder of the policy until after the insured building had been burned, did not deprive the insurance company of the benefit of such provision.

A cellar wall to the building insured, *held* to be covered by the policy.

APPEAL from a judgment in favor of plaintiff entered upon the verdict of a jury. The plaintiff, David Ervin, in July, 1870, applied to one H. H. Allen, an agent of defendant, for insurance upon a tenant-house owned by plaintiff, and situated on his farm, in Chautauqua county. The agent knew the house, its situation and value, having spent a night therein previous to the receipt of the application. The amount of insurance asked for was $1,200, and a three years' policy was issued by defendant for this amount.

Among the provisions of this policy was the following: "This company will not be liable for more than two-thirds the cash value of any building hereby insured." This provision was in very fine print, and in the same paragraph with a number of other provisions of various kinds. It was not noticed by plaintiff at the time, and did not come to his knowledge until after the destruction of the building insured, which happened October 4, 1871.

Proofs of loss were forwarded, and the defendant refusing to pay the full amount of insurance, this action was brought. The case was tried at the Chautauqua circuit before Mr. Justice LAMONT and a jury. The jury found the value of the building destroyed to have been $1,100, and, under the direction of the court, rendered a verdict for the full amount.

*W. E. Hughitt*, for appellant.

*Morris & Russell*, for respondent.

MULLIN, P. J. There are but two questions in this case: 1st. Was it competent for the plaintiff to show that he did not know that there was a clause in the policy restricting the plaintiff's right of recovery to two-thirds of the value of the building destroyed, the condition being printed in fine print and not discovered until after the loss? 2d. Was plaintiff entitled to recover for injury to the cellar wall of the building, which was estimated by a witness at $50?

It cannot be tolerated that a man may take from an insurance company a policy of insurance or any other contract, omit altogether to inform himself of its contents, and afterward claim to be released from its provisions because they are different from what he had supposed them to be.

Such an omission would furnish no ground for reforming a contract in equity, and certainly should furnish none in a court of law

for releasing him from its conditions. The omission to ascertain its contents is gross negligence that cannot be allowed as an excuse for a violation of its provisions by the one party, or to deprive the other of the full benefit of them. *Pinder* v. *Resolute Fire Ins. Co.*, 47 N. Y. 114.

The respondent's counsel insists that the circumstance of the defendant's agent, himself, fixing the amount for which the building subsequently destroyed should be insured, was an evasion of the clause of the policy that plaintiff should be entitled to recover but two-thirds its value. I am unable to discover any evasion of the conditions.

The amount which the plaintiff shall recover in case of loss does not depend, in any degree, upon the amount named in the policy. It is the value at. the time of the fire that controls the recovery. It is two-thirds of that sum that plaintiff recovers, if he recovers at all.

Second. Was plaintiff entitled to recover for damage done the cellar wall by the fire ?

It seems to me that the injury to the cellar wall was fairly covered by the policy; it was a part of the building and injured by the same fire that destroyed the building. If it is not included, the chimney would be also excluded.

The judgment is reversed and a new trial ordered, with costs to abide the event, unless the plaintiff shall stipulate to reduce the judgment to two-thirds the amount of the value of the property destroyed, believed to be $733.33, with interest from January 21, 1873. If the plaintiff shall thus stipulate, the judgment is affirmed for such sum, without costs of the appeal to appellants.

*Judgment accordingly.*